IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11381
Conference Calendar

_____


JOSEPH JACKSON,

                                        Petitioner-Appellant,


versus

DALLAS, COUNTY OF;
Court 255, George Allen
Building; STATE OF TEXAS,
State Capitol Building,
Austin, Texas,

                                        Respondents-Appellees.


- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CV-2757-T
- - - - - - - - - - -
August 15, 1997
Before KING, HIGGINBOTHAM, and DUHÉ, Circuit Judges.

PER CURIAM:*

    Joseph Jackson, purportedly acting on behalf of the United
States, argues that the district court erred in denying his
petition for the issuance of a writ of mandamus to Dallas County
and the State of Texas.

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Jackson has not demonstrated that the district court had the authority to issue a writ of mandamus to the State or the County. See Lamar v. 118th Judicial District Court of Texas, 440 F.2d 383, 384 (5th Cir. 1971).

Jackson argues for the first time on appeal that he was illegally arrested by Dallas County authorities.  If an appellant shows clear or obvious error that affects his substantial rights, this court has discretion to correct a forfeited error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).  Issues raised for the first time on appeal that involve factual determinations that could have been resolved in the district court generally do not rise to the level of plain error.  Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995).  A determination of Jackson's illegal arrest claim would require the resolution of factual issues that were not presented in the district court. This issue is not subject to plain error review.

Because Jackson has failed to raise an issue of arguable merit, the appeal is DISMISSED as frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.

Jackson's motion to enter nunc pro tunc order correcting clerical errors in his brief is GRANTED.

APPEAL DISMISSED; MOTION GRANTED.